Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER ASHCROFT pka XZAVIAR, an individual;<br><br>Plaintiff,<br><br>v.<br><br>JOSE HAIME FLOYD ZAMORA, JR. pka SHAYA ZAMORA, an individual; UNIVERSAL MUSIC PUBLISHING, INC., a California corporation; ELECTRIC FEEL PUBLISHING, LLC a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br>　1. DIRECT COPYRIGHT<br>　　　INFRINGEMENT<br>　2. VICARIOUS COPYRIGHT<br>　　　INFRINGEMENT<br>　3. BREACH OF CONTRACT<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff, James Alexander Ashcroft pka "Xzaviar," through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### Jurisdiction & Venue

1.    This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), 1367(a).

3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c), 1400(a).

### Parties

4.    At all relevant times, Ashcroft has been a resident of Leeds, England.

5.    Upon information and belief, Defendant JOSE HAIME FLOYD ZAMORA, JR. pka SHAYA ZAMORA does business in and with California and this judicial district. Zamora has written agreements regarding ownership and exploitation of *Please Don't Leave* with entities located in this judicial district, including Universal.

6.    Upon information and belief, Defendant UNIVERSAL MUSIC PUBLISHING, INC. is a California corporation with a principal place of business located at 2100 Colorado Avenue, Santa Monica, CA 90404.

7.    Upon information and belief, Universal owns and/or controls, in whole or in part, exclusive rights in *Please Don't Leave*. Universal is a publisher and/or publishing administrator of the composition of *Please Don't Leave*.

8.    Upon information and belief, Defendant ELECTRIC FEEL PUBLISHING, LLC is a Delaware limited liability company with a principal place of business located at 2045 Biscayne Blvd., Suite 225, Miami, FL 33137. Electric Feel has written agreements regarding ownership and exploitation of *Please Don't Leave* with entities located in this judicial district, including Universal.

9.    Upon information and belief, Electric Feel owns and/or controls, in whole or in part, exclusive rights in *Please Don't Leave*. Electric Feel is a publisher and/or publishing administrator of the composition of *Please Don't Leave*.

10.     Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

11.     Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each and all of the acts or conduct alleged, with full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## Factual Background

12.     Ashcroft is a music producer and songwriter based in the United Kingdom.

13.     In or around July 2022, Ashcroft created an original instrumental song, and the original sound recording in which that composition is embodied, titled *Evergreen*. He released it on YouTube and BeatStars later that same month.

14.     Ashcroft created and first published *Evergreen* in the United Kingdom, exempting it from the registration requirements of the Copyright Act under the Berne Convention.

15.     The sound recording of *Evergreen* is registered with the U.S. Copyright Office.

16.     Featured in *Evergreen*'s composition, and sound recording embodying that composition, is an instrumental hook comprising, *inter alia*, an original selection and arrangement of a particular repeated chord progression, bassline, and melody (collectively, the "*Evergreen* instrumental hook").

17. On or about July 12, 2023, Zamora contacted Ashcroft, informing Ashcroft that he had sampled the sound recording of *Evergreen*, and in particular the *Evergreen* instrumental hook, in a derivative Zamora prepared with added lyrics titled *Please Don't Leave*. Zamora asked to purchase all rights in *Evergreen* from Ashcroft.

18. Zamora created and posted TikTok videos promoting *Please Don't Leave* which sampled *Evergreen*, and in particular the *Evergreen* instrumental hook, without a license.

19. The parties attempted to negotiate a license clearing Zamora's use of *Evergreen* in connection with the *Please Don't Leave* TikTok promotional videos but reached an impasse.

20. On or about September 29, 2023, Zamora distributed the official release of *Please Don't Leave*. Upon information and belief, unlike the *Please Don't Leave* TikTok promotional videos, the official release of *Please Don't Leave* does not sample *Evergreen*, but rather recreates and interpolates the *Evergreen* instrumental hook.

21. At that time, Zamora had still not yet obtained a license from Ashcroft.

22. After discovering that Zamora had further exploited *Evergreen* in connection with the official release of *Please Don't Leave*, Ashcroft contacted Zamora regarding the lack of a license.

23. Ashcroft and Zamora entered into an agreement for Zamora's exploitation of *Evergreen* in the official release *Please Don't Leave*. Under that agreement, Ashcroft is entitled to 40% of monies generated in connection with the exploitation of the composition of *Please Don't Leave*. The agreement did not cover Zamora's unauthorized sampling of *Evergreen* in the *Please Don't Leave* TikTok promotional videos.

24. Ashcroft performed at all times under that agreement.

25. Zamora breached that agreement by failing to pay to Ashcroft 40% of monies generated in connection with the exploitation of the composition of *Please Don't Leave*, thereby depriving Ashcroft of his benefits under the agreement.

26. Defendants each continue to exploit and receive monies from *Please Don't Leave*, both the TikTok promotional videos and the official release, in violation of Ashcroft's copyrights in *Evergreen* and his rights under his agreement with Zamora.

### **First Claim for Relief**

*(For Copyright Infringement—Against all Defendants, and Each)*

27. Ashcroft repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

28. Ashcroft is the sole creator and exclusive owner of the *Evergreen* and its copyrights.

29. Ashcroft created and first published *Evergreen* in the United Kingdom, exempting it from the registration requirements of the Copyright Act under the Berne Convention.

30. The sound recording of *Evergreen* is registered with the U.S. Copyright Office.

31. *Evergreen* is an original composition and recording.

32. Defendants had access to *Evergreen* because it was posted on social media, including YouTube, and BeatStars, since around July 2022.

33. On information and belief, Defendants' copying establishes access by way of striking similarity.

34. Zamora infringed Ashcroft's copyrights in *Evergreen* by creating a derivative work with added lyrics titled *Please Don't Leave* and further by creating and posting TikTok videos promoting *Please Don't Leave* which sampled *Evergreen*, and in particular the *Evergreen* instrumental hook, without a license.

35. Zamora created and posted TikTok videos promoting *Please Don't Leave* which sampled *Evergreen*, and in particular the *Evergreen* instrumental hook, without a license.

36. Defendants, and each of them, further infringed Ashcroft's rights in the composition of *Evergreen* by recreating and interpolating the *Evergreen* instrumental hook in the official release of *Please Don't Leave*, without a license.

37. Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, and creation (or authorized or licensed any/all of the foregoing) of *Please Don't Leave*. The foregoing acts infringe Ashcroft's rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting *Please Don't Leave* on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

38. Due to Defendants', and each of their acts of infringement, Ashcroft has suffered actual, general, and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sound recording and composition, respectively.

39. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ashcroft's rights in Ashcroft's copyrighted work. As such, Ashcroft is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the composition in an amount to be established at trial.

40. Ashcroft is informed and believes and now alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## SECOND CLAIM FOR RELIEF

*(For Vicarious Copyright Infringement - Against All Defendants, and Each)*

41. Ashcroft repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

42. Upon information and belief, the third parties to whom Defendants, and each of them, distributed and/or authorized the distribution of *Please Don't Leave* have further

reproduced, distributed, adapted, and/or publicly performed *Please Don't Leave*, and continue to do so, without Ashcroft's authorization—e.g., the third-party digital music streaming and subscription services streaming *Please Don't Leave* (e.g., Spotify, Apple Music, Amazon, and Pandora etc.) directly infringe Ashcroft's public performance right in *Evergreen* by doing so.

43. On information and belief, Defendants, and each of them, have the right and ability to supervise or control those third parties' directly infringing activities. Defendants, and each of them, distributed and/or authorized the distribution of *Please Don't Leave* to third parties pursuant to licensing or other agreements with those third parties that grant Defendants, and each of them, the right and ability to supervise or control those third parties' further reproduction, distribution, adaptation, and/or public performance of *Please Don't Leave* —e.g., under those agreements, upon demand by any Defendant, and/or their representatives, the third-party digital music streaming and subscription services must cease and desist from streaming, or otherwise remove, disable, or limit users' access to, *Please Don't Leave*.

44. On information and belief, Defendants, and each of them, directly and substantially financially benefit from those third parties further reproducing, distributing, adapting, and/or publicly performing *Please Don't Leave* pursuant to the licensing or other agreements between them—e.g., under their agreements with the third-party digital music streaming and subscription services, Defendants, and each of them, earn a share of the revenue produced by, and thus profits from, each and every stream of *Please Don't Leave* by and/or on those third-party digital music streaming and subscription services.

45. Upon information and belief, Defendants, and each of them, have nevertheless failed to exercise their right and ability to supervise or control those third parties' directly infringing activities, namely, to stop or limit the further reproduction, distribution, adaptation, and/or public performance of *Please Don't Leave* by those third parties—e.g., each Defendant has failed to demand that the third-party digital music streaming and subscription services cease and desist from streaming, or otherwise

7

COMPLAINT

remove, disable, or limit users' access to, *Please Don't Leave*, and instead has continued to directly and substantially financially benefit from those third-party digital music streaming and subscription services streaming *Please Don't Leave* and thus directly infringing Ashcroft's public performance right in *Evergreen*.

46.   This renders Defendants, and each of them, vicariously liable for the direct infringement of those third parties.

47.   Due to Defendants', and each of their, acts of vicarious copyright infringement, Ashcroft has suffered damages in an amount to be established at trial.

48.   Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Ashcroft's rights in *Evergreen*. As such, Ashcroft is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Ashcroft's rights in *Evergreen*, in an amount to be established at trial.

49.   On information and belief, Defendants', and each of their, conduct as alleged herein was done with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, Ashcroft's rights in *Evergreen*, such that Defendants' vicarious infringements were, and continue to be, willful.

### THIRD CLAIM FOR RELIEF

*(For Breach of Contract – Against Jose Haime Floyd Zamora, Jr.)*

50.   Ashcroft repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

51.   In the alternative, Ashcroft and Zamora entered into an agreement for Zamora's exploitation of *Evergreen* in the official release *Please Don't Leave*. Under that agreement, Ashcroft is entitled to 40% of monies generated in connection with the exploitation of the composition of *Please Don't Leave*. The agreement did not cover Zamora's unauthorized sampling of *Evergreen* in the *Please Don't Leave* TikTok promotional videos.

52.    Ashcroft at all times performed under that agreement.

53.    Zamora breached that agreement by failing to pay to Ashcroft 40% of monies generated in connection with the exploitation of the composition of *Please Don't Leave*, thereby depriving Ashcroft of his benefits under the agreement.

54.    Due to Zamora's breach, Ashcroft has suffered damages in an amount to be established at trial.

## **Prayer for Relief**

### *(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants as follows:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted work;

b.  Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted work;

c.  For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with *Evergreen* and all revenues resulting from the exploitation of same, for the benefit of the Plaintiff;

d.  That the Court order an accounting of all revenues derived from the exploitation of *Evergreen*;

e.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

f.  That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs and attorneys' fees of this action; and

COMPLAINT

i.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 7, 2026          By:          */s/ Scott Alan Burroughs*
                                          Scott Alan Burroughs, Esq.
                                          Nelson A. Campbell, Esq.
                                          DONIGER / BURROUGHS
                                          *Attorneys for Plaintiff*

10
COMPLAINT